In the Matter of Marlin Maines, Petitioner, against James R. Macduff, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Fourth Department, May 5, 1954.

*John L. Barrett* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Michael P. Geraci* and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.* Petitioner's operator's license has been revoked by the Commissioner of Motor Vehicles after a hearing for " Violation of Section 56-1 of the Vehicle & Traffic Law — operating a motor vehicle on 5/1/53 in Erie County, N. Y. at such speed as to endanger the life, limb or property of any person or at a rate of speed greater than will permit bringing the vehicle to a stop without injury to another or his property." It comes to this court on petition to review the determination of the commissioner.

At the hearing petitioner testified that on May 1, 1953, he was employed by a tree trimming company, that he and three other employees had been working in the morning, that it started to rain, and they were returning to North Collins in a " pick-up " truck, traveling easterly on Cain Road. He said he had high-top boots on; and as they approached the intersection of Cain Road and Route 323, he slowed down the truck by taking his foot off the accelerator to about fifteen miles per hour, and when he attempted to put his foot on the brake his shoestrings were undone and the workman on his right had his foot on the strings and the truck went into the intersection and a collision occurred with a car proceeding north on Route 323 before he could disengage his foot and apply the brakes. His testimony is corroborated by Police Officer Green who testified at the hearing, and there is no other testimony which contradicts it and no one testified to any statement of facts by which petitioner could have been found guilty of a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law, the statute under which his license has been revoked.

We agree that petitioner might well have been found guilty of failure to stop at a stop sign; and his failure to have his

foot in a position in which he could apply the brakes might well be found to be negligent. However, his license has been revoked for a violation of a statute and there is no evidence to sustain such a finding.

The determination of the commissioner should be annulled and the application of the petitioner granted, and commissioner directed to restore petitioner's license.

All concur. Present — McCURN, P. J., VAUGHAN, PIPER, WHEELER and VAN DUSER, JJ.

Determination annulled, petitioner's application granted, and respondent directed to restore petitioner's license, with $50 costs and disbursements.